IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR161** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **CHARMAR BROWN,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 17) issued by Magistrate Judge F.A. Gossett recommending that I grant the motion to suppress filed by the Defendant, Charmar Brown (Filing No. 9). The government filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 18, 19) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Brown is charged in a one-count Indictment with receiving a firearm while under indictment for a felony, in violation of 18 U.S.C. § 922(n). He seeks an order suppressing evidence seized as a result of the February 6, 2005, search of his vehicle.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded: Brown did not voluntarily consent to the search of his vehicle; and the evidence is insufficient to support application of the inevitable discovery doctrine. On the basis of these determinations, the Magistrate Judge recommended that Brown's motion to be granted.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the search of the vehicle and Officer Allen Wagner's conversations with Brown regarding consent to search. The Court has considered the transcript of the hearing conducted by Judge Gossett (Filing No. 16). The Court also carefully reviewed the evidence (Filing No. 13). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

Briefly, at 2:49 a.m. on February 6, 2005, Brown came to the Creighton University Medical Center for a gunshot wound. Prior to the shooting, he drank a half-pint of Hennessy, then shared a fifth of Hennessy with one other person, and then consumed several mixed drinks and beer at a club. Hospital records show that Brown was given 25 mg. of Demerol at 3:05 a.m. Immediately after the Demerol, Brown was "arousable but not oriented." (Ex. 6, at 8.) The records also indicated that, upon admission, Brown was under the influence of alcohol and his ETOH was 185.

Soon after Brown was given the Demerol, Wagner asked Brown for verbal permission to process his pickup truck for blood evidence, as officers had seen blood in

the truck. Brown's response was: "I don't care." When marijuana was found in the bed of the truck, Wagner returned to obtain written permission. Brown eventually signed the consent form while attached to an IV and a medical device was on his finger. His signature bears little, if any, similarity to his normal signature. During both conversations, Brown sometimes closed his eyes, and Wagner had to tap him to keep him awake. Both conversations occurred in the emergency room. Medical personnel told Brown after the second conversation that Brown would be given a CAT scan due to concern about a possible head injury. Brown testified that he had no memory of either conversation.

## ANALYSIS

The government objects to the following portions of Judge Gossett's Report and Recommendation: Brown did not voluntarily consent to the search of his vehicle; and the inevitable discovery doctrine applies.

### *Consent to Search*

The government must bear the burden of showing voluntary consent to a search. The United States Court of Appeals for the Eighth Circuit has identified guidelines for this Court to consider when evaluating voluntariness of a consent to search. The Eighth Circuit has stated:

> The question of whether an expression of consent is voluntary or coerced is also a question of fact . . . . We have identified factors to be considered in making this determination, including personal characteristics of the defendant, such as age, education, intelligence, sobriety, and experience with the law; and features of the context in which the consent was given, such as the length of detention or questioning, the substance of any discussion between the defendant and police preceding the consent, whether the defendant was free to leave or was subject to restraint, and whether the defendant's contemporaneous reaction to the search was consistent with consent.

*United States v. Jones*, 254 F.3d 692, 696 (8th Cir. 2001) (citations omitted).  When applying these guidelines to the facts presented here, the Court finds that, under the totality of the circumstances, Brown did not voluntarily consent either verbally or in writing to a search of his vehicle.

It is difficult to imagine a more classic case of an involuntary consent to search.  The evidence shows that the Defendant was under the influence of alcohol and Demerol, and that he was impaired by one or both of those substances.  He was dozing off in the emergency room during his conversations with Officer Wagner.  His verbal "consent" was not for a search, but for processing for blood evidence, and his "consent" expressed as "I don't care" was equivocal.  He could not sign his name properly.  Later, Brown had no recollection of the events surrounding the two conversations.  Brown was not in custody, yet he could not have left as he was in the emergency room and connected to an IV.  Moreover, the Court disagrees with the government that Officer Wagner could "reasonably" have believed that Brown consented.  The Court finds that, under the circumstances presented, no officer could "reasonably" believe that Brown gave valid consent to search.

***Inevitable Discovery***

The government argues that discovery of the evidence in question was inevitable.  The government reasoned that the blood stains provided probable cause for towing the vehicle to the impound lot and conducting an inventory search pursuant to standard police department procedures.  Judge Gossett concluded that because no evidence was introduced with respect to standard Omaha Police Department procedures, application of the inevitable discovery doctrine was precluded.  The Court agrees.  The record is without evidence regarding this issue.

4

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 17) is adopted in its entirety;

2. The government's Statement of Objections to the Report and Recommendation (Filing No. 18) is overruled; and

3. The Defendant's Motion to Suppress (Filing No. 9) is granted.

DATED this 24th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge